IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kenneth Russell,<br><br>               Plaintiff,<br>v.<br><br>Valor Intelligent Processing, LLC,<br><br>               Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Kenneth Russell, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4. Plaintiff, Kenneth Russell ("Plaintiff"), is an adult individual residing in Orland Park, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Valor Intelligent Processing, LLC ("Valor"), is a Florida business entity with an address of 6703 Southpoint Drive N., Suite #300, Jacksonville, Florida 32216, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Valor for collection, or Valor was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Valor Engages in Harassment and Abusive Tactics**

10. In or around December 2021, Valor began contacting Plaintiff's friend in an attempt to collect the Debt from Plaintiff.

11. On or about December 7, 2021, Valor spoke with Plaintiff's friend and wrongfully disclosed that it was attempting to reach Plaintiff regarding the Debt.

12. Plaintiff's friend is not responsible for repayment of Plaintiff's Debt.

13. Plaintiff did not give Valor permission to communicate with his friend regarding the Debt.

14. Valor did not attempt to reach Plaintiff prior to contacting Plaintiff's friend in an attempt to collect the Debt.

15. Valor's actions caused Plaintiff a great deal of humiliation, embarrassment and distress.

C. **Plaintiff Suffered Actual Damages**

16. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692,** *et seq.*

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

20. Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiff's debt and stated that Plaintiff owed a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to Plaintiff's debt on numerous occasions, without being asked to do so.

22. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

23. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

24. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed

false and deceptive means to collect a debt.

26. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 23, 2022

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
444 North Michigan Avenue, Suite 1200
Chicago, IL 60611
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff